## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARY MCRAE, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LVNV FUNDING, LLC, | ) |
| RESURGENT CAPITAL SERVICES, L.P., | ) |
| and ASSET RECOVERY SOLUTIONS, LLC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff Mary McRae brings this action to secure redress from unlawful credit and collection practices engaged in by defendants LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), and Asset Recovery Solutions, LLC ("Asset"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3.      Venue and personal jurisdiction in this District are proper because defendants do or transact business within this District and a material portion of the events at issue occurred within this District:

## PARTIES

4.      Plaintiff is an individual who resides in Saginaw, Michigan.

5.      Defendant LVNV is a Delaware limited liability company with offices at 625 Pilot Rd., Ste. 3, Las Vegas, NV 8119. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

6.      Defendant LVNV is engaged in the business of purchasing or acquiring, or claiming to purchase or acquire, allegedly defaulted debts originally owed to others and incurred for personal, family, or household purposes.

7.      Defendant LVNV pays an average of less than 5 cents on the dollar for the debts it purchases.

8.      Defendant LVNV then attempts to collect the purchased debts by filing or threatening suits on them and having the putative debtors dunned.

9.      Defendant LVNV conducts business on a national scale.

10.     Defendant LVNV has been the plaintiff in more than 1,000 collection lawsuits that have been pending in Illinios during the year prior to the filing of this action.

11.     Defendant LVNV regularly uses the mails and telephones in its business.

12.     Defendant LVNV is a "debt collector" as defined in the FDCPA.

13.     Defendant LVNV is licensed as a collection agency by the state of Illinois, as shown by Exhibit A.

14.     Defendant Resurgent is a limited partnership entity with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401. It does or transacts business in Illinois.

15.     Defendant Resurgent operates a collection agency.

16.     Defendant Resurgent holds a collection agency license from the state of Illinois, as shown by Exhibit B.

17.     Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

18.     Defendant Resurgent is a debt collector as defined in the FDCPA.

19.     Notwithstanding the substantial volume of collection activity in which it engages, LVNV Funding, LLC claims that it has no employees. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D. Ariz., filed Aug 9, 2010)).

20.     All action taken in the name of LVNV are in fact taken by Resurgent, pursuant to

a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no.69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

21.     Defendant LVNV has stated on its website, www.lvnvfuding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) And international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

22.     Defendant LVNV has also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account.

23.     The above statements continue to describe the relationship between LVNV and Resurgent.

24.     Defendants Resurgent and LVNV are under common ownership and management. Bother are part of the Sherman Financial Group.

25.     On information and belief, based on the Resurgent Web site and statements in the Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

26.     Defendant Asset uses the mails and telephones to collect debts originally owed to other entities.

27.     Defendant Asset is a debt collector as defined in the FDCPA.

## FACTS

28.     Defendants have been attempting to collect from plaintiff an alleged debt consisting of a credit card account used for personal, family or household purposes and not for business purposes.

29.     In September 2009, Ms. McRae's attorney, Jerome Lamet, corresponded with LVNV's collection attorney, Weltman, Weinberg & Reis Co., L.P.A., concerning the alleged debt. Copies of the correspondence are attached as Exhibits C and D.

30.     Notice to Weltman, Weinberg is notice to LVNV and Resurgent.

31.     Between September 2009 and June 9, 2014, Resurgent, acting on behalf of LVNV, sent the alleged debt to Defendant Asset Recovery Solutions, LLC. Of Des Plaines, Illinois, for collection.

32.     On or about June 9, 2014, Asset Recovery Solutions, LLC, sent plaintiff, directly, the letter attached as Exhibit E, seeking to collect the same debt.

33.     LVNV Funding, LLC and Resurgent have engaged in a pattern and practice of contacting represented debtors directly, generally by sending debts to a second collection attorney or agency.

34.     The frequency of such conduct is inconsistent with mistake and consistent with an intentional and malicious effort to violate the rights of consumers.

35.     Some of the numerous other instances include:

    a.     Maria Galan, Plaintiff, v. United Collection Bureau, Inc., an Ohio corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants, 1:10-cv-05012 (N.D.Ill.).

    b.     Daniel Thomas, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital

4

Services, L.P., Defendants, Case No. 1:12-cv-09187 (N.D.Ill.).

c.     Glenna Harper, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants, Case No. 1:12-cv-09286 (N.D.Ill.).

d.     Karen Cousins, Plaintiff, v. LVNV Funding, LLC, Defendant, Case No. 3:12-cv-00689-RL-CAN (N.D.Ind.).

e.     Edward Fitzgerald, Plaintiff, v. LVNV Funding, LLC, Defendant, Case No. 1:12-cv-00361-JTM-RBC (N.D.Ind.).

f.     Courtney Nzeribe, Plaintiff, v. LVNV Funding, LLC, Defendant.. Case No.: 1:12-cv-09805 (N.D.Ill.).

g.     Mark Coker, Plaintiff, v. LVNV Funding, LLC, et al., Defendant, Case No.: 1:13-cv-00299 (N.D.Ill.)

h.     Essie Balkcom, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants, Case No. 1:10-cv-05656 (N.D.Ill.).

i.     Leticia Alvarez, Plaintiff, v. LVNV Funding, LLC and Richard J. Boudreau & Associates, LLC, Defendants., Case No. 1:10-cv-01045 (N.D.Ill.).

j.     Flora Martin and Carol Brooks, Plaintiffs, v. LVNV Funding, LLC, Defendant, Case No. 1:07-cv-4414 (N.D. Ill.);

k.     Joseph Garza, Plaintiff, v. LVNV Funding, LLC, Defendant, Case No. 1:08-cv-3197 (N.D.Ill.);

l.     Merry Link, Plaintiff, v. LVNV Funding, LLC and Boudreau, Defendants, Case No. 1:09cv669 (W.D.Mich.).

m.     Bonnie Luke, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants, Case No. 1:09-cv-00993-LJM-JMS (S.D.Ind.)

n.     Leta Marcisz, Plaintiff, v. Leading Edge Recovery Solutions, LLC, an Illinois limited liability company, and LVNV Funding, LLC, a Delaware

5

limited liability company, Defendants, Case 1:09-cv-04844 (N.D.Ill.).

o.    Phyllis Neal, Plaintiff, v. SIMM Associates, Inc., a Delaware corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants, Case 1:09-cv-04797 (N.D.Ill.).

p.    Arthur Brobst, Plaintiff, v. Aegis Receivables Management, Inc., a Delaware corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants, Case 1:09-cv-03718 (N.D.Ill.).

q.    Rachel L. Sydnor, Plaintiff, v. Professional Recovery Services, Inc., a New Jersey corporation, Resurgent Capital Services, L.P., a Delaware limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, Defendants, No. 1:09-cv-03297 (N.D.Ill.).

r.    Albert Tilton, Plaintiff, v. Weltman, Weinberg & Reis Co., LPA, an Ohio professional corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants, 3:09cv3130-RM-BGC (C.D.Ill.).

s.    Leonardo A. Cueto, Plaintiff, v. Allied Interstate Inc., and LVNV Funding, LLC, Defendants, Case 0:09cv60550-WPD (S.D.Fla.).

36.    Defendant Asset knew or should have known that Plaintiff was represented by counsel.

## COUNT I – FDCPA

37.    Plaintiff incorporates paragraphs 1-35.

38.    Defendants violated 15 U.S.C. §1692c by contacting a represented party directly.

39.    Section 1692c provides:

**§ 1692c. Communication in connection with debt collection**

**(a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

6

**. . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

      (a)    Statutory damages;

      (b)    Actual damages;

      (c)    Attorney's fees, litigation expenses and costs of suit;

      (d)    Such other and further relief as the Court deems proper.


              s/Daniel A. Edelman
              Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman
Daniel A. Edelman